IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALEX K. TRADER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:11-cv-00735 |
| v. | ) |
| | ) |
| COOK COUNTY, COOK COUNTY SHERIFF | ) Judge St. Eve |
| TOM DART, COOK COUNTY SHERIFF'S | ) |
| DEPUTY O'MECKY, as well as OTHER | ) |
| UNKNOWN SHERIFF'S DEPUTIES and | ) |
| SUPERVISORS, and CERMAK HEALTH | ) |
| SERVICES, and UNKNOWN CERMAK | ) |
| HEALTH SERVICES EMPLOYEES, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, ALEX K. TRADER, by and through his attorneys, LOEVY & LOEVY, and complaining of Defendants, COOK COUNTY, COOK COUNTY SHERIFF TOM DART, in his individual and official capacities, as well as OTHER UNKNOWN SHERIFF'S DEPUTIES and SUPERVISORS, (collectively, the "County Defendants") and CERMAK HEALTH SERVICES, NURSE O'MECKY, and UNKNOWN CERMAK HEALTH SERVICES EMPLOYEES, (collectively, the "Cermak Defendants"), states as follows:

**Introduction**

1. Plaintiff, who is nineteen years old, is a pre-trial detainee in the custody of Cook County Jail.

2. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

3. Defendants have been, and continue to be, deliberately indifferent to Plaintiff's serious medical condition.

4. Specifically, Plaintiff entered Defendants' custody with an open wound in his abdomen, where a bullet that had entered his back exited. In spite of Plaintiff's complaints, Defendants have refused to provide medically necessary treatment and, as a result, Plaintiff is still bleeding and his wound has become infected.

### Jurisdiction and Venue

5. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331.

6. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Alex K. Trader

7. Plaintiff is a nineteen-year old resident of Illinois.

8. In August 2008, Plaintiff received a gun-shot wound to the stomach.

9. Plaintiff was rushed to the emergency room at Advocate Christ Hospital, where he underwent at least three operations. Fortunately, doctors were able to save his life.

10. After two months passed, Plaintiff had healed enough to be discharged from the hospital, but he was told to return for weekly checkups.

11. Around April of 2009, complications from the earlier treatment caused Plaintiff to be re-admitted for another surgery.

12. On discharge, Plaintiff's wound became infected and he had to be readmitted days later.

13. Once again he was discharged, but told to return for weekly checkups.

14. In August 2009, Plaintiff remained in need of medical treatment to complete his recovery from the prior year of surgeries. The site where the bullet exited his abdomen was still an open wound.

**Basis for the Claim**

15. On August 18 2009, Plaintiff was arrested and detained at Cook County Jail.

16. Plaintiff was housed in Cook County Jail, Division XI.

17. Cermak Health Services provides medical treatment on behalf of the jail.

18. Cermak doctors issued a prescription to Plaintiff for him to visit medical staff at the dispensary twice a day. He is to have his wound cleaned and bandages changed by Cermak medical staff only. Due to the risk of infection, the prescription specifically says that Plaintiff is never to change his own bandages.

19. Defendants refuse to provide the treatment ordered by Cermak. Rather than bringing him to the dispensary for cleaning his wound twice a day, the County Defendants bring him at most once a day, and sometimes three days or more will pass in between visits, leaving Plaintiff with soiled bandages covering his wound, and no means to clean it.

20. Furthermore, even when Plaintiff is brought to the dispensary, Defendant O'Mecky and other Unknown Cermak Defendants refuse to clean and dress Plaintiff's wound, as ordered by the Cermak doctors. Instead, they simply give Plaintiff the clean bandages and send him to his unsanitary cell to dress the wound himself.

21. Due to Defendants' refusal to provide proper medical treatment, Plaintiff's wound remains open twenty months after he entered Defendants' custody, and during that time it has become infected at least three times.

22. Rather than healing, Plaintiff's wound is getting worse.

23. Four sites surrounding the wound now continuously discharge a fluid ranging from red to yellow to green in color. When Plaintiff's bandages are changed, they are thoroughly soiled and emit a foul odor.

24. Due to the infections, Cermak doctors have sent Plaintiff to Cook County Hospital three times. On two of those occasions, doctors at Cook County Hospital told Defendants that Plaintiff needed to schedule and undergo an operation so that his wound will heal.

25. Defendants refuse to schedule the operation.

26. Plaintiff has filed numerous inmate grievances regarding the failure of Defendants to provide the treatment ordered by the outside doctors, or even the treatment ordered by the Cermak doctors, but they have either been denied or ignored.

27. The denial of Plaintiff's treatment continues.

28. Plaintiff's condition continues to worsen and is life-threatening if left untreated.

## Legal Claims

29. In the manner described more fully above, Defendants have violated and continue to violate Plaintiff's constitutional rights, causing him damage. Among other rights, Defendants

violated and continue to violate Plaintiff's rights under the Fourteenth Amendment.

30. The conduct described herein constitutes deliberate indifference to Plaintiff's serious medical need, and thus constitutes punishment under the Fourteenth Amendment

31. All of the Defendants' interactions with Plaintiff have been and are undertaken under color of law, and within the scope of their employment.

32. Because each Defendant has acted within the scope of his employment, Cook County and Cermak Health Services are therefore liable as each Defendant's employers for any resulting damages and award of attorneys' fees.

33. Policies, customs and/or widespread practices of Defendant Cook County, and/or the express decisions of its policymaker(s) are the moving force behind these violations. Defendant Tom Dart, and other Unknown Defendants had supervisory responsibility to have terminated these unlawful policies, customs and/or widespread practices and failed to do so.

WHEREFORE, Plaintiff, ALEX K. TRADER, respectfully requests that this Court enter judgment in his favor against Defendants COOK COUNTY, COOK COUNTY SHERIFF TOM DART, in his individual and official capacities, as well as OTHER UNKNOWN SHERIFF'S DEPUTIES and SUPERVISORS, and CERMAK HEALTH SERVICES, NURSE O'MECKY, and UNKNOWN CERMAK HEALTH SERVICES EMPLOYEES awarding preliminary and permanent injunctive relief, compensatory damages and attorneys' fees, along with punitive damages, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, ALEX K. TRADER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


s/ Aaron Mandel_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Aaron Mandel
LOEVY & LOEVY
312 North May St., Ste. 100
Chicago, IL 60607
(312) 243-5900